CORBETT, Plaintiff-Appellant, v. FOWBLE, Defendant, and BEVINS, Defendant-Appellee.

Ohio Appeals, Second District, Clark County.

No. 532. Decided November 2, 1956.

J. Harvey Crow, Urbana, for plaintiff-appellant.
McKee, Schwer & Taggart, Springfield, for defendant-appellee.

## OPINION

By THE COURT:

This is an appeal on questions of law from the dismissal of defendant Bevins and the setting aside of an attachment against certain real estate following the sustaining of a motion of defendant-appellee to quash the pretended service by publication made on him.

There is but one question presented on this appeal, namely, whether the controlling statute authorizing constructive service in this action had been complied with by the plaintiff. It develops that plaintiff instituted his action against this defendant and another and issued on January 24, 1956 his precipe for summons, together with certified copy of petition for the defendant by Registered Mail.

It appears that at all times the residence address of defendant-appellee was known to the plaintiff and so stated by him in the proceedings. Pursuant to the affidavit of the plaintiff for constructive service under §2703.15 R. C., of date December 31, 1955, publication was had, first publication of date January 3, 1956. On January 23, 1956, plaintiff filed precipe with the Clerk to "mail copy of first publication of notice by Registered Mail, return receipt requested, to defendant, C. L. Bevins, P. O. Box 46, Boston, Indiana," and on that date a newspaper of January 3, 1956, including the publication of legal notice was sent pursuant to the precipe. The first branch of the motion to quash

was "that no copy of the publication was mailed to this defendant, as required by law, although plaintiff knew of the place of residence of this defendant, immediately after the first publication."

The pertinent parts of the controlling section, §2703.16 R. C., are:

"When in a case in which service may be made by publication under §2703.14 R. C., the residence of the defendant is known, it must be stated in the publication. (This was done) **Immediately after the first publication,** the party making the service shall deliver copies thereof, with the proper postage, to the clerk of the court who shall mail a copy to each defendant, directed to his place of residence named therein, and make an entry thereof on the appearance docket. * * *." (Emphasis ours.)

It is suggested, but the record does not afford the proof, that the defendant had knowledge of the institution of the action upon which the attachment was predicated. The sole question, then, is whether or not the mailing of the copy of the publication twenty days after it had been carried met the intendment of the statute that it be sent immediately after the first publication.

We are of opinion that the second and third syllabi of the late case of The Lincoln Tavern v. Snader, et al., 165 Oh St 61, Ohio BAR of March 19, 1956, is by analogy dispositive of the question against the contention of the appellant.

The judgment will be affirmed.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.